

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

December 23, 2025

Lisa Lupion

E  llupion@orrick.com
D  +1 212 506 5078
F  +1 212 506 5151

*Via ECF*

Hon. Jennifer H. Rearden
United States Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:   *Bengabsia v. BlackRock, Inc., et al.*, 1:25 cv 549 (JHR) –
      Letter Accompanying Defendants Motion to Dismiss

Dear Judge Rearden:

We are counsel to Defendants BlackRock, Inc. ("BlackRock") and Alexander Alli ("Individual Defendant") in the above-referenced matter. Pursuant to Rule 5.C of Your Individual Rules, we submit this letter outlining the arguments advanced in Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and Alternative Motion to Strike. As detailed in Defendants' Motion, Plaintiff's efforts to re-frame previously disclosed alleged interactions with Individual Defendant in an attempt to revive time-barred employment claims using the New York Adult Survivors Act (the "ASA") and to raise an otherwise deficient claim under the Victims of Gender-Motivated Violence Protection Law (the "GMVPL"), despite the fact that these claims were already dismissed by a New York State Supreme Court, should be rejected and the FAC should be dismissed with prejudice.

*First*, the ASA only revived time-barred claims if the action was commenced by November 23, 2023. This litigation was not. As such, Plaintiff's First through Fifth, Seventh, and Eighth Causes of Action are time-barred and should be dismissed with prejudice.

4144-0312-2017.1



Hon. Jennifer H. Rearden
December 23, 2025
Page 2

**Second**, although omitted from the FAC, Plaintiff's original Complaint sought to avoid dismissal by asserting that her claims were previously filed and dismissed by a New York State Court and that, by operation of both N.Y. C.P.L.R. § 205(a) and the ASA, her claims are timely in this action. But Section 205 only permits a plaintiff to recommence an action within six (6) months after it has been dismissed in certain circumstances. Section 205(a) expressly excludes dismissals for failure to obtain personal jurisdiction from the statute's savings provisions, which is the basis upon which Plaintiff's initial action was dismissed. Moreover, even if Plaintiff's earlier state court action was not dismissed for failure to obtain personal jurisdiction—which is indisputably was—Plaintiff failed to satisfy Section 205(a)'s strict requirement that the new action be commenced *and service be effected* within six months of the dismissal. She is not permitted, therefore, to rely on Section 205 to save her time-barred claims from dismissal.

**Third**, New York enacted the ASA in 2022 to create a one-time, one-year window to allow survivors of *criminal* sexual assault to pursue otherwise time-barred civil claims in instances where the underlying conduct constitutes a "sexual offense" under section 130 of the New York Penal Law. Section 130 provides an extensive listing of crimes that constitute a "sexual offense," with the only one even resembling the alleged conduct being "*forcible touching*" of an "intimate part" under Section 130.52. Throughout the different ways that Plaintiff has detailed an interaction with Individual Defendant on the open trading floor—including an alleged instance where the Individual Defendant "thrust" himself into the back of her chair (not an intimate part of her body) and made a humping motion—none of the conclusory versions of events set forth conduct sufficient to satisfy the requirements of the ASA. At most, Plaintiff adopts the language of the New York Penal Law to try to wedge her otherwise time-barred workplace discrimination and harassment allegations into the ASA framework.

**Fourth,** Plaintiff's FAC does not allege sufficient facts to state a claim under the GMVPL. The GMVPL provides a cause of action for a "person claiming to be injured by a party who commits . . . a crime of violence motivated by gender," which must include an act that, *inter alia*: (1) would constitute a

Hon. Jennifer H. Rearden
December 23, 2025
Page 3

misdemeanor or felony under state or federal law, (2) presents a "serious risk of physical injury," and (3) is motivated, at least in part, by gender-based animus. N.Y.C. Admin. Code §§ 10-1103-04. None of Individual Defendant's alleged conduct rises to the level of a criminal act, presents a serious risk of physical injury, or demonstrates that Individual Defendant was at least partially motivated by gender animus.

*Fifth*, even if the Court were to somehow conclude that Plaintiff's conclusory allegations are sufficient to meet the requirements under the ASA and/or the GMVPL, that does not permit Plaintiff to assert unrelated workplace allegations, which focus on comments that she was allegedly subjected to regarding her identity as a Muslim woman of color. Thus, even if the Court were to revive claims under the ASA or permit the GMVPL claim to proceed, any allegations that are unrelated to the "forcible" conduct—including claims regarding alleged discrimination and harassment based on Plaintiff's protected characteristics—must be struck from the Complaint.

*Finally*, even if Plaintiff is permitted to proceed with her claims revived by the ASA or her GMVPL claim, and the unrelated allegations are struck, the remaining allegations (i.e., only those arguably related to the alleged "forcible conduct") fail to support Plaintiff's intentional tort, negligence, or NYSHRL claims, and so those claims should be dismissed for failure to state a claim upon which relief may be granted.

For these reasons, as detailed in Defendants' Motion, Plaintiff's complaint should be dismissed in its entirety.

Respectfully Submitted,

*/s/ Lisa B. Lupion*
Lisa B. Lupion
Jill L. Rosenberg
ORRICK, HERRINGTON & SUTCLIFFE LLP

4144-0312-2017.1