**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESSMA BENGABSIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>BLACKROCK, INC., ALEXANDER ALLI,<br>JOHN AND JANE DOES 1-10 and ABC<br>CORPS. 1-10,<br><br>                    Defendants. | 1:25-cv-00549-JHR |

**DEFENDANTS BLACKROCK'S AND ALEXANDER ALLI'S REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. PROC. 12(b)(6) AND ALTERNATIVE MOTION TO STRIKE PURSUANT
TO FED. R. CIV. PROC. 12(f)**

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   ARGUMENT ............................................................................................... 2

    A.    Plaintiff Abandoned Five Causes of Action ........................................... 2

    B.    The ASA Does Not Revive Plaintiff's Claims ....................................... 3

    C.    Section 205(a)'s Ameliorative Tolling Provision Does Not Apply ...................... 4

    D.    Plaintiff Fails to State Sufficient Facts On Her Remaining Claims....................... 7

        1.    The FAC Fails to Allege a Criminal Act Required by the ASA ................ 7

        2.    Plaintiff Fails to Plead Conduct Covered By the GMVPL ....................... 9

        3.    Plaintiff's IIED Claim Fails .................................................... 10

    E.    The Court Should Strike Unrelated Allegations ................................. 11

III.  CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beter v. Baughman,*
2024 WL 1346802 (S.D.N.Y. Mar. 29, 2024) ........................................................................10

*C.Q. v. Estate of Rockefeller,*
2021 WL 4398832 (S.D.N.Y. Sept. 24, 2021) ..........................................................................2

*Cooper v. Bao Thao,*
162 A.D.3d 980 (2d Dep't 2018) ...............................................................................................5

*Cooper v. Tisci,*
2025 WL 314537 (S.D.N.Y. Jan. 30, 2025) ............................................................................10

*Doe v. Gross,*
2024 WL 3729007 (S.D.N.Y. Aug. 7, 2024) ..............................................................................9

*Dollinger v. New York State Ins. Fund,*
2019 WL 4736299 (N.D.N.Y. Sept. 27, 2019) ........................................................................11

*Dunlop v. Saint Leo Great R.C. Church,*
133 A.D.3d 1288 (4th Dep't 2015) .............................................................................................5

*Eckhart v. Fox News Network, LLC,*
2021 WL 2826078 (S.D.N.Y. July 7, 2021) ............................................................................10

*Gem Flooring, Inc. v. Kings Park Industries, Inc.,*
5 A.D. 542 (2d Dep't 2004) ........................................................................................................5

*Ibraheem v. Wackenhut Servs., Inc.,*
29 F.Supp.3d 196 (E.D.N.Y. 2014) .........................................................................................10

*Johnston v. Port Auth. of N.Y. & N.J.,*
2011 WL 4344745 (E.D.N.Y. Sept. 15, 2011) ........................................................................10

*Keane v. Kamin,*
94 N.Y.2d 263 (1994) ..................................................................................................................5

*Koiki v. New York,*
2023 WL 2633898 (E.D.N.Y. Mar. 24, 2023) ...........................................................................8

*Lask v. Rhee-Karn,*
2025 WL 1983441 (S.D.N.Y. May 6, 2025) ..............................................................................7

*Leader v. Maroney, Ponzini & Spencer,*
   97 N.Y.2d 95 (2001) ............................................................................................5

*Locurto v. NYU Langone/Lutheran Hosp.,*
   No. 508/2025, 87 Misc.3d 1227(A) (Sup. Ct. Kings Cty. 2025) ...............................6

*Lucchesi v. Experian Info. Sols., Inc.,*
   226 F.R.D. 172 (S.D.N.Y. 2005) ...........................................................................3

*Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
   709 F.Supp. 1279 (S.D.N.Y. 1989) ........................................................................4

*Mira v. Argus Media,*
   222 A.D.3d 528 (1st Dep't 2023) ...........................................................................6

*Morrison v. Scotia Capital (USA) Inc.,*
   2023 WL 8307930 (S.D.N.Y. Dec. 1, 2023) ...........................................................9

*Moyle v. United Parcels Service, Inc.,*
   No. 24-cv-3874(CBA), 2025 WL 1952457 (E.D.N.Y. July 16, 2025)...................5, 6

*Palatkevich v. Choupak,*
   152 F.Supp.3d 201 (S.D.N.Y. 2016)......................................................................3

*In re Palermo,*
   739 F.3d 99 (2d Cir. 2014)....................................................................................4

*People v. Bartlett,*
   89 A.D.3d 1453 (4th Dep't 2011) ..........................................................................9

*People v. Guaman,*
   22 N.Y.3d 678 (2014) ...........................................................................................8

*People v. Hatton,*
   99 A.D.3d 438 (1st Dep't 2012) ............................................................................8

*Rossbach v. Montefiore Medical Center,*
   No. 19cv5758(DLC), 2021 WL 930710 (S.D.N.Y. Mar. 11, 2021).......................10

*Talarico v. Thomas Crimmins Contracting Co., Inc.,*
   No. 94Civ.0420(RPP), 1995 WL 422034 (S.D.N.Y. July 18, 1995).......................5

*U.S. Bank Nat'l Assn. v. Derrisaint,*
   193 A.D.3d 790 (2d Dep't 2021) ...........................................................................6

*Wang v. Palmisano,*
   51 F.Supp.3d 521 (S.D.N.Y. 2014) .......................................................................3

*Webb v. Harold*,
 2024 WL 3501716 (S.D.N.Y. July 23, 2024) .......................................................................3

*Wells Fargo Bank, N.A. v. Figueroa*,
 171 A.D.3d 987 (2019) ..........................................................................................................5

*Welsh v. United Parcels Service, Inc.*,
 No. 24-cv-3876(AMD)(PK), 2025 WL 754039 (E.D.N.Y. Mar. 10, 2025) ............................6

*Zapata v. City of New York*,
 502 F.3d 192 (2d Cir. 2007) ..................................................................................................7

**Statutes & Rules**

N.Y. Penal Law §130.00(3) ............................................................................................................8

N.Y. Penal Law §130.52 .................................................................................................................8

C.P.L.R. § 205(a) .............................................................................................................. *passim*

C.P.L.R. § 306-b .........................................................................................................................5, 6

C.P.L.R. § 308 ...............................................................................................................................5

C.P.L.R. § 3211(a)(8) .....................................................................................................................5

Rule 4 ................................................................................................................................1, 5, 6, 7

Defendants BlackRock, Inc. ("BlackRock") and Alexander Alli ("Individual Defendant") respectfully submit this Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and alternative Motion to Strike.

## I.    PRELIMINARY STATEMENT

Plaintiff attempts to revive her time-barred employment claims, based entirely on her vague and ever-shifting framing of an incident where a colleague allegedly "forcefully" bumped the back of her chair.  Plaintiff refers to this as a "forcible touching"—a phrase from New York Penal law—claiming (without any support) that physical contact with her chair is somehow tantamount to a criminal sexual offense.  Plaintiff's attempt to cast this single incident as a criminal offense should be rejected and her untimely claims dismissed.

At the outset, Plaintiff cannot use the ASA to revive her untimely claims because this action was filed after the ASA's revival period expired.  Plaintiff points to no authority in support of her contention that the filing date of the earlier state court action can be the operative filing date for this action or how this action "recommenced" the earlier action. This is unsurprising as courts have resoundingly rejected both arguments.  Similarly, Plaintiff's reliance on C.P.L.R. §205(a)'s tolling provision fails.  C.P.L.R. §205(a)'s grace period does not apply here because dismissal for lack of personal jurisdiction—including dismissals for failure to effect service—is excluded under §205(a).  Moreover, Plaintiff failed to serve Defendants within six months of the dismissal as required by §205(a), and this Court's grant of an extension to serve under Rule 4(m) does not nullify that requirement.

But even if the ASA or §205(a) applied—they do not—Plaintiff's Opposition fails to address the critical flaws in her FAC.  She instead relies on unpled factual allegations, pronouncements of law without any legal authority (and where she does cite legal authorities, many of those cases do not appear to exist, or at least not at the citations provided), and inaptly

equating touching her desk chair as being "forcibly touched" to cases involving sexual contact through a victim's clothing. Put simply, an allegation of intentionally bumping into the back of someone's chair does not fall within the scope of a criminal forcible touching or a violent crime motivated by gender animus.

Plaintiff's Opposition serves only to highlight the FAC's deficiencies, despite this being her **fourth attempt** to articulate her claims. Perhaps recognizing this, Plaintiff's Opposition abandons five of her claims, including her core employment claims that comprised the majority of her FAC. But even as to her remaining claims, Plaintiff has failed to put forth sufficient factual allegations to suggest she was subject to conduct that satisfies the ASA's or GMVPL's requirements. The FAC should be dismissed with prejudice in its entirety.

## II.    ARGUMENT

### A.    Plaintiff Abandoned Five Causes of Action

Through her Opposition, Plaintiff "voluntarily withdraws" the majority of her claims. (*See* Opp'n 23 ["Rather than defend discrimination/harassment claims . . . Plaintiff strategically narrows the surviving causes of action to those clearly revived under the ASA and viable under the GMVPL"].) The abandoned claims include: NIED (Second Cause of Action); aiding and abetting under the NYSHRL (Fourth Cause of Action); negligent supervision, hiring, and/or retention (Fifth Cause of Action); and discrimination and harassment under the NYSHRL and NYCHRL (Seventh and Eighth Causes of Action).[1] In light of the foregoing, the only remaining claims are claims for assault, battery and the GMVPL claim against Individual Defendant, and IIED against both Defendants. These claims fail.

---

[1] Despite withdrawing these claims, Plaintiff goes on to address their sufficiency. (Opp'n 24-29.) As set forth in Defendants' moving papers, these claims fail. Moreover, Plaintiff cites *C.Q. v. Estate of Rockefeller*, 2021 WL 4398832 (S.D.N.Y. Sept. 24, 2021) to support her negligence claims. (Opp'n 24-25.) That citation is incorrect, and is **one of at least 13** inaccurate or non-existent case citations appearing throughout Plaintiff's brief.

**B.      The ASA Does Not Revive Plaintiff's Claims**

Plaintiff contends her time-barred claims are saved by the ASA because the prior state court action was commenced within the ASA's revival period.[2]  (Opp'n 8-9.)  Plaintiff is wrong.

It is without dispute that Plaintiff commenced her state court action one day before the ASA's revival period expired.  That action was dismissed.  Plaintiff claims this Court must adopt the state court action's filing date when determining whether the ASA applies to this action. (Opp'n 8-10.)  This ignores the longstanding principle that filing a new action in a different court **_does not_** adopt the original filing date of an earlier dismissed action.  *See, e.g.*, *Palatkevich v. Choupak*, 152 F.Supp.3d 201, 226 (S.D.N.Y. 2016) ("by filing a brand new lawsuit, [plaintiff cannot] 'relate back' . . . to the earlier, timely filed claims in a wholly separate lawsuit in a different court"); *Lucchesi v. Experian Info. Sols., Inc.*, 226 F.R.D. 172, 174-75 (S.D.N.Y. 2005) ("[t]he [FRCP] contemplate[] the relation back of pleadings only in the context of a single proceeding").

Moreover, contrary to Plaintiff's suggestion, this action is not a "recommencement" of the earlier action.  (Opp'n 9-10.)  On this point, the court's discussion in *Wang v. Palmisano*, 51 F.Supp.3d 521 (S.D.N.Y. 2014) is instructive.   There, the plaintiff initially filed claims in Massachusetts state court.  *Id.* at 526.  The court dismissed three defendants for lack of personal jurisdiction.  *Id.*  Plaintiff refiled in New York, arguing his claims were timely because the new action was a "continuation of the disputes [that] arose in the litigations [sic] previously filed. . ." *Id.* at 531.  The court disagreed.  Because the defendants in the earlier actions were dismissed for lack of personal jurisdiction, they did not toll the statute of limitations, as " 'a suit dismissed

---

[2] Plaintiff contends the Court must construe the ASA liberally to effectuate its purposes.  (Opp'n 8.)  This is unsupported, and contrary to several cases recognizing that revival statutes must be strictly construed. (ECF No. 30 at 12-13.)  And while Plaintiff cites *Webb v. Harold*, 2024 WL 3501716 (S.D.N.Y. July 23, 2024) for the general proposition that the ASA created a one-year revival period (which is not in dispute), that citation is to a Patent Status File.  (Opp'n 8.)

without prejudice . . . is treated for statute of limitations purposes as if it had never been filed[.]' " *Id.* at 432 (quoting *In re Palermo*, 739 F.3d 99, 105 (2d Cir. 2014).

The outcome here should be the same. Plaintiff's state court action was dismissed without prejudice for lack of personal jurisdiction. This new, separate action cannot "relate back" to or be a "recommencement" of that action. Because this action was not filed within the ASA's revival period, Causes of Action One through Five, Seven, and Eight must be dismissed.

### C.    Section 205(a)'s Ameliorative Tolling Provision Does Not Apply

Plaintiff next argues her claims are timely because §205(a)'s tolling provisions apply. (Opp'n 10.) Again, Plaintiff is wrong.

Confoundingly, Plaintiff contends the state court dismissal was somehow ***not*** for lack of personal jurisdiction. (Opp'n 10.) According to Plaintiff, §205(a)'s exclusion for dismissals for lack of personal jurisdiction applies only where there is "substantive" lack of jurisdiction (*i.e.*, no *in personam* jurisdiction). (*Id.*) Plaintiff misinterprets the facts and the law.

Plaintiff first mischaracterizes the basis for the state court's dismissal, claiming the court ***did*** obtain personal jurisdiction based on BlackRock's alleged principal place of business and Individual Defendant's alleged residence. (Opp'n 10-11.) A potential basis for jurisdiction does not ***confer*** jurisdiction. Courts lack personal jurisdiction unless and until "defendants have been properly served with a summons and the complaint." *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 709 F.Supp. 1279, 1282 (S.D.N.Y. 1989). Because Plaintiff failed to serve BlackRock timely and failed to serve Individual Defendant at all, the court never obtained personal jurisdiction. (ECF No. 31-2.)

Plaintiff next misconstrues the consequence of her failure to effect proper service. It is

not a "technical" defect.[3]  (Opp'n 10.)  Personal jurisdiction has two constitutionally required components: (1) "service of process, which implicates due process requirements of notice and opportunity to be heard," and (2) "the power, or reach, of a court over a party, so as to enforce judicial decrees."  *Keane v. Kamin*, 94 N.Y.2d 263, 265 (1994).  Even if proper service is somehow of "lesser" constitutional import (it is not), a plain reading of §205(a) and cases interpreting it demonstrate that a dismissal for *either* defect renders §205(a)'s tolling provision inapplicable.  *E.g.*, *Dunlop v. Saint Leo Great R.C. Church*, 133 A.D.3d 1288, 1288-89 (4th Dep't 2015); *Gem Flooring, Inc. v. Kings Park Industries, Inc.*, 5 A.D. 542, 544 (2d Dep't 2004).[4]

Plaintiff next claims that she satisfied §205(a) because this Court extended the time for service.  (Opp'n 12-13.)  While the Court's order rendered Plaintiff's otherwise untimely service timely under the FRCP, it did not render service timely under §205(a).  A courts discretion to extend the time for service for good cause is unrelated to §205(a).[5]  *See Moyle v. United Parcels Service, Inc.*, No. 24-cv-3874(CBA), 2025 WL 1952457, at *3 (E.D.N.Y. July 16, 2025) (finding §306-b, which requires service in 120 days absent good cause, "has nothing to do with what a

---

[3] Plaintiff's comparison of C.P.L.R. §3211(a)(8) (grounds for dismissal) with §308 (methods of service) is nonsensical.  (Opp'n 10.)  Courts routinely grant dismissal under §3211(a)(8) for failure to serve, which bolsters Defendants' position that "personal jurisdiction" as used in §205(a) encompasses both constitutional components of personal jurisdiction.  *See, e.g.*, *Cooper v. Bao Thao*, 162 A.D.3d 980, 981 (2d Dep't 2018) (affirming dismissal under §3211(a)(8) where defendant was never served and thus the court lacked personal jurisdiction).

[4] Plaintiff's strained reading of *Talarico v. Thomas Crimmins Contracting Co., Inc.*, No. 94Civ.0420(RPP), 1995 WL 422034, at *2 (S.D.N.Y. July 18, 1995) does not support her position. (Opp'n 11.)  In *Talarico*, plaintiff's initial action was dismissed for lack of personal jurisdiction.  The plaintiff argued §205(a)'s exclusion for dismissals based on lack of personal jurisdiction was limited to instances where the plaintiff failed to effect proper service of process.  *Id.*  The court rejected such a narrow reading of §205(a).  *Id.*

[5] Plaintiff's reliance on *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95 (2001) and *Wells Fargo Bank, N.A. v. Figueroa*, 171 A.D.3d 987 (2019) is misplaced.  (Opp'n 13.)  Both dealt with a court's authority to grant extensions under §306-b.  And while BlackRock disputes Plaintiff's characterization of her service efforts (discussed below), whether good cause existed under Rule 4(m) simply has no bearing on whether she satisfied the distinct requirements of §205(a) to revive untimely claims.

plaintiff must do to render timely an otherwise untimely complaint" under §205(a)); *Locurto v. NYU Langone/Lutheran Hosp.*, No. 508/2025, 87 Misc.3d 1227(A) (Sup. Ct. Kings Cty. 2025) (refusing to apply §205(a) to revive re-filed claims as "[c]ourts have firmly held that refiling a Complaint but failing to effect proper service 'within the six-month period afforded by CPLR 205(a)' is grounds for dismissal" because §205(a)'s six-month "limitation on the statute's remedial purpose" overrides the time to serve in general procedural rules, including discretionary extensions); *Mira v. Argus Media*, 222 A.D.3d 528, 529 (1st Dep't 2023) ("Discretionary extensions of time to effect service under CPLR 306-b do not 'negate or nullify' the filing and service requirements of CPLR 205(a)").

Unlike Rule 4 or §306-b, §205(a) has no "good cause" exception. *Moyle*, 2025 WL 1952457, at *3 ("There is no reason to believe that the Civil Practice Law and Rules' authors intended to allow for extensions under §205(a) but simply declined to say so, particularly because they went to the trouble of explicitly providing for extensions under §306-b"). Although Plaintiff ignores the cases in Defendants' Motion, several reject the very position she advances. *E.g.*, *Moyle*, 2025 WL 1952457, at *2-3 (finding N.Y. Court of Appeals would likely find §205(a) does not provide for discretionary extensions); *Welsh v. United Parcels Service, Inc.*, No. 24-cv-3876(AMD)(PK), 2025 WL 754039, at *4 (E.D.N.Y. Mar. 10, 2025) ("[T]he Court may extend the time to serve under CPLR §306-b in the interest of justice, but that discretionary authority does not allow the Court to extend the six-month service deadline set by the legislature in CPLR §205(a)"); *U.S. Bank Nat'l Assn. v. Derrisaint*, 193 A.D.3d 790, 792 (2d Dep't 2021) (finding the court "could not have extended the time to serve" under §205(a)).

Finally, Plaintiff's claims that because Defendants allegedly obstructed service, they cannot use §205(a) as a shield. (Opp'n 14-15.) There is no authority to support that service

evasion nullifies §205(a)'s requirements.[6]  More importantly, there is no evidence of evasion on this record.  With respect to Individual Defendant, the only evidence proffered is a doorman's response, with no evidence Individual Defendant knew of or gave that instruction.  (ECF No. 13-1.)  Plaintiff never made a second service attempt or sought a waiver within the six-month deadline.  (*Id.*; ECF No. 19.)  Equally, there is no evidence BlackRock failed to update its registered address or instructed security to refuse service.  Plaintiff made one service attempt at BlackRock's former headquarters, and a second at current headquarters, but was advised no one with authority to accept service was available.  (ECF No. 13-2.)  Importantly, Plaintiff belatedly served BlackRock through its registered agent, and obtained a waiver of service from Individual Defendant after the six-month deadline expired.  Plaintiff could have done that at any point prior to July 7, 2025, but inexplicably chose not to.  There is no evidence of service evasion, only evidence of Plaintiff's inexcusable neglect to serve in this action following the same pattern of conduct that resulted in the prior state court action's dismissal.

Because Plaintiff cannot rely on §205(a) to circumvent the limitations period, Causes of Actions One through Five, Seven, and Eight must be dismissed.

### D.    Plaintiff Fails to State Sufficient Facts On Her Remaining Claims

Even if timely, the FAC does not allege that Plaintiff was subjected to ***criminal*** misconduct as required by the ASA and the GMVPL.  Nor does the FAC support her IIED claim.

#### 1.    The FAC Fails to Allege a Criminal Act Required by the ASA

Plaintiff asserts in conclusory fashion that her FAC alleges a "forcible touching."  But Plaintiff fails to point to ***any*** allegations in support.

---

[6] Plaintiff's reliance on *Lask v. Rhee-Karn*, 2025 WL 1983441 (S.D.N.Y. May 6, 2025) and *Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) is unpersuasive.  (Opp'n 14-15.)  In *Lask*, the court merely acknowledged that "[e]vading service can have adverse consequences" before finding no evidence of evasion.  In *Zapata*, the court quotes a section of Rule 4's committee notes, which state an extension "may be justified, for example . . . if the defendant is evading service."

As an initial matter, Plaintiff's framing of the chair incident has evolved over time.  (ECF No. 30 at 2-3, 6-7.)  But even accepting her current framing of the allegations as true, Plaintiff has not alleged a "forcible touching."

First, there is no allegation that Individual Defendant ever touched Plaintiff's physical person.[7]  A "forcible touch" requires "**bodily contact** involving the application of some level of pressure to the victim's sexual or intimate parts."  *People v. Guaman*, 22 N.Y.3d 678, 684 (2014).  The types of "touching" delineated in §130.52 (*e.g.*, squeezing, grabbing, pinching) all require some degree of contact with the victim's body.  *Id.*  Plaintiff's FAC makes clear that she is ***not alleging*** Individual Defendant ever made contact with her body. Instead, her Opposition confusingly suggests that "basic physics" dictates that force applied to a chair equates to force applied to a person sitting in that chair.  (Opp'n 17.)  This overlooks the requirement of "bodily contact" entirely.   Moreover, Plaintiff's argument that "sexual contact" may occur through clothing is irrelevant.[8]   (Opp'n 17-18.)   The definition of "sexual contact" in §130.00(3) expressly includes "any touching of the sexual or other intimate parts" that occurs "directly or through clothing."   But the statutory reference to touching "through clothing" does not transmute contact with a person through any intermediary object into a criminal sexual act.   Finally, although Plaintiff's Opposition vaguely asserts that Individual Defendant "groped" her, that (wholly unsupported) allegation is not in the FAC.  (Opp'n 18-19, 23.)  Plaintiff cannot defeat a motion to dismiss by relying on unpled facts.

---

[7] Plaintiff also claims, without authority, the threat of imminent harmful contact may constitute a "forcible touching."  (Opp'n 19.)  Nonsense.  The law expressly requires physical contact.

[8] Plaintiff cites *People v. Hatton*, 99 A.D.3d 438 (1st Dep't 2012) and *Koiki v. New York*, 2023 WL 2633898 (E.D.N.Y. Mar. 24, 2023) in support.  (Opp'n 16-17.)  One citation leads to an opinion in *People v. Wigfall*, and one does not exist.

Relatedly, the FAC is devoid of allegations that Individual Defendant touched Plaintiff's "intimate parts."  Although courts have recognized that some body parts may be deemed "intimate" depending on the context, Defendants have not located any cases with allegations remotely similar to those alleged here.  This dissimilarity is evident from the cases Plaintiff relies on, which bear no resemblance to her allegations.  *E.g.*, *Morrison v. Scotia Capital (USA) Inc.*, 2023 WL 8307930 (S.D.N.Y. Dec. 1, 2023) (defendant caressed plaintiff's foot and hugged her from behind);[9] *People v. Bartlett*, 89 A.D.3d 1453, 1454 (4th Dep't 2011) (defendant teacher pressed against student's backside and rubbed her thigh one inch from her genital area); *Doe v. Gross*, 2024 WL 3729007, at *5-6 (S.D.N.Y. Aug. 7, 2024) (defendant frequently grabbed plaintiff's penis and masturbated him against his will, and he once awoke to plaintiff performing oral sex on him).[10]

A sensible and commonsense application of the law to the facts compels the conclusion that no bodily contact is alleged and that Plaintiff's chair was not her "intimate part."  The claims Plaintiff seeks to revive under the ASA should be dismissed.

### 2.    Plaintiff Fails to Plead Conduct Covered By the GMVPL

Plaintiff's GMVPL claim is equally flawed.  Plaintiff fails to allege she was the victim of a violent crime, that any act was motivated by gender, or that any act presented serious risk of injury.

First, Plaintiff does not allege she was the victim of a "crime of violence."  As set forth above, Plaintiff's allegations regarding the chair incident do not constitute violent criminal conduct.  Plaintiff's other allegations—that Individual Defendant rolled a basketball towards her desk and once extended his hand towards Plaintiff and asked colleagues whether he should touch

---

[9] Plaintiff cites 2023 WL 8849756 (S.D.N.Y. Dec. 21, 2023).  (Opp'n 16.)  No case exists at that citation.

[10] Plaintiff cites 2024 WL 1346777 (S.D.N.Y. Mar. 29, 2024).  (Opp'n 19.)  No case exists at that citation.

her—do not suggest the occurrence of a violent crime.

Second, even if Plaintiff alleged a "violent crime" (she has not), she must also allege the acts were motivated by animus.[11]  There are no allegations that Individual Defendant acted because of: (1) her gender, and (2) general animus towards women.  Contrary to Plaintiff's assertion, no court has held that a "forcible touching" is, by definition, motivated by gender. Instead, as the case Plaintiff cites acknowledges, there is "no authority indicating that the requisite animus element may be inferred in GMVPL cases not premised on rape." *Rossbach v. Montefiore Medical Center*, No. 19cv5758(DLC), 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021).

Finally, Plaintiff cannot show that any of the alleged acts presented the serious risk of physical injury.  Instead, she claims that requirement only applies to crimes against property.  In support, Plaintiff cites *Cooper v. Tisci*, 2025 WL 314537 (S.D.N.Y. Jan. 30, 2025) and *Eckhart v. Fox News Network, LLC*, 2021 WL 2826078 (S.D.N.Y. July 7, 2021).  (Opp'n 20-21, 23.)  No cases exist at those citations.  Plaintiff otherwise fails to refute the authorities in Defendants' Motion, and fails to point to any binding (or persuasive) authority for her position.

### 3.    Plaintiff's IIED Claim Fails

Although Plaintiff did not withdraw her IIED claim, her claim fails.  As set forth in Defendants' Motion, the FAC does not allege "outrageous" and "extreme" conduct that meets the rigorous requirements necessary for an IIED claim.  (ECF No. 30 at 22-23.)  In the face of that clear defect, Plaintiff cites *Johnston v. Port Auth. of N.Y. & N.J.*, 2011 WL 4344745 (E.D.N.Y. Sept. 15, 2011) to support the sufficiency of her IIED claim.  (Opp'n 24).  That

---

[11] Plaintiff cites *Beter v. Baughman*, 2024 WL 1346802 (S.D.N.Y. Mar. 29, 2024) to advance her position.  (Opp'n 21.)  No case exists at that citation.  Plaintiff also quotes *Ibraheem v. Wackenhut Servs., Inc.*, 29 F.Supp.3d 196 (E.D.N.Y. 2014).  (Opp'n 22-23.)  The quoted material does not appear in that case, which involved a male plaintiff claiming religious discrimination.

citation is to a SCOTUS decision denying a petition for a writ of certiorari in an irrelevant case.

Plaintiff's IIED claim should be dismissed.

### E.    The Court Should Strike Unrelated Allegations

Should the Court conclude Plaintiff has alleged conduct sufficient to fall within the ASA

or GMVPL, the Court should strike all unrelated allegations that are not actionable and

prejudicial.  Plaintiff's Opposition ignores this argument, and she has thus conceded this point.[12]

## III.    CONCLUSION

For the reasons herein, Defendants respectfully request the Court dismiss with prejudice

Plaintiff's claims in their entirety.

Dated:  February 27, 2026          Respectfully Submitted,
        New York, NY

                                   By:  */s/ Lisa B. Lupion*
                                        Lisa B. Lupion
                                        Jill L. Rosenberg
                                        **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                        212-506-5000
                                        llupion@orrick.com
                                        jrosenberg@orrick.com
                                        *Counsel for Defendants*

---

[12] Plaintiff cites *Dollinger v. New York State Ins. Fund*, 2019 WL 4736299 (N.D.N.Y. Sept. 27, 2019) to suggest that the allegations should not be struck.  (Opp'n 5.)  That citation is to a Department of Education Notice.

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Civil Rule 7.1, I hereby certify that the foregoing document was typed using 12-point, Times New Roman font and contains 3,498 words, exclusive of the case caption, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes or endnotes.

*/s/ Lisa B. Lupion*
Lisa B. Lupion